IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CATALINA BLANCO, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-13-1591 |
| § | |
| SELECT SPECIALTY HOSPITAL § | |
| HOUSTON, L.P., § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND OPINION**

Catalina Blanco, through her representative Hortencia Sanchez, sued Select Specialty Hospital Houston, L.P. ("Select"), asking the court to enjoin a Texas state court from enforcing a temporary restraining order ("TRO") entered in *Select Specialty Hospital-Houston, L.P. v. Catalina Blanco*, Cause No. 2013-29850. Both the state court and the federal court suits concern Blanco's status as a patient at Select. Blanco is insured through Medicare. She suffers from pneumonia, diabetes, a pressure ulcer, and hypertension. Sanchez, Blanco's daughter, has a power of attorney and makes medical decisions for Blanco. (Docket Entry No. 1, ¶ 6). Select filed the state-court suit after Medicare determined that it would no longer pay for Blanco's stay at Select, and Blanco refused to accept transfer to a lower-level care facility. The state court granted Select's request for a TRO requiring Blanco to accept the discharge and transfer. Blanco then sued Select in this court, alleging that Select violated the Medicare Act and Blanco's due process rights by not waiting for her to appeal the decisions. This court refused Blanco's request for a TRO enjoining the enforcement of the state-court TRO. Blanco was moved to a different facility.

Select has moved to dismiss the Medicare Act claim under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction and to dismiss the due process claim

under Rule 12(b)(6) for failure to state a claim. (Docket Entry No. 7). No response has been filed. The motion is granted, for the reasons explained below, and an order of dismissal is separately issued.

**I.      Background**

Blanco was admitted to Select's long-term acute-care hospital facility for treatment. In May 2013, a Select physician recommended that she be discharged to a lower-level care facility because she was not benefitting from Select's more intensive level of treatment. Select provided Sanchez with a "detailed Notice of Discharge" detailing Blanco's rights and options on discharge, including the right to appeal to Medicare and request an independent medical review. (Docket Entry No. 1, ¶ 7). Blanco, through Sanchez, appealed her discharge to TMF Health Quality Institute ("TMF"), a nonprofit organization authorized by Medicare as the quality improvement organization ("QIO") for Texas. TMF reviews medical care and services provided to Medicare beneficiaries. (*Id.*) TMF agreed with Select that Blanco should be treated at a lower-level care facility. In a letter to Sanchez stating the reason for denial and explaining the process for further appeal, TMF explained that Medicare would not pay Select for services to Blanco after May 12. (*Id.*, Ex. A at 2). Sanchez told Select that Blanco was appealing and seeking a hearing with an administrative law judge, the next step in the appeal process.

With Medicare no longer paying for Blanco's stay at Select, and Blanco refusing to move to a lower-level care facility, Select sued Blanco in Texas state court to require her to accept the discharge and transfer. Blanco sued Select in this court, alleging that it violated her 14th Amendment due process rights by seeking to remove her from the Select hospital facility before the Medicare appeals process was completed. (Docket Entry No.1, ¶ 8). Blanco also alleged that Select

violated Medicare regulations and "the contract with Medicare" by not allowing Blanco to exhaust the administrative-review process. (*Id.*, ¶¶ 9–10). Blanco asked this court to order Select and its representatives to let the Medicare appeal run its course before attempting to remove Blanco from the Select facility, (2) to cancel and revoke the state-court TRO; and (3) to stop pursuing contempt penalties for failing to comply with the state-court TRO. Blanco also moved for a TRO on these grounds. (Docket Entry No. 2). This court denied the TRO. (Docket Entry No. 5). Select has moved to dismiss.

## II.     Analysis

### A.     Subject-Matter Jurisdiction

Select moves under Rule 12(b)(1) to dismiss the claims arising under the Medicare Act for lack of subject-matter jurisdiction. "'A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.'" *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). "Courts may dismiss for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986). The court may consider matters outside the pleadings.

A Medicare beneficiary challenging a claim denial must appeal under 42 U.S.C. § 405(g) and obtain a final agency decision before judicial review is available. *Physician Hosps. v. Sebelius*, 691 F.3d 649, 653 (5th Cir. 2012); *Vertos Med., Inc. v. Novitas Solutions, Inc.*, 2012 WL 5943542, at *5 (S.D. Tex. Nov. 27, 2012). Blanco has only begun the administrative appellate process. She has

3

yet to obtain a review by an administrative law judge, which must then be reviewed by the Departmental Appeals Board of the Department of Health and Human Services. *See* 42 U.S.C. § 1395ff(f)(2)(A)(ii), (iv); *see also Vertos*, 2012 WL 5943542, at *3 ("A decision of the Departmental Appeals Board is a final agency action and is subject to judicial review."). Because the administrative appeals process has not been completed, there is no final agency action for this court to review. The claim under the Medicare Act is dismissed, without prejudice, for lack of subject-matter jurisdiction.

### B. Failure to State a Claim

The due process claim against Select is dismissed for failure to state a claim on which relief can be granted. Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). The Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). When a plaintiff's complaint fails to state a claim, a court should generally allow amendment under Rule 15(a) before dismissing with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

A plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) (per curiam) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

Select cannot be liable for the alleged due process violation because, as its motion points out, it is not a state actor. (*See* Docket Entry No. 7, ¶¶ 11–12 ("The mere fact that a business is subject to . . . regulation does not by itself convert its action to that of the state for purposes of the Fourteenth Amendment . . . ." (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 453 (1974)))). This claim is dismissed for failure to state a claim. The dismissal is with prejudice because amendment would be futile.

### III.   Conclusion

The Medicare Act claim is dismissed without prejudice and the due process claim is dismissed with prejudice.

SIGNED on July 31, 2013, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge